No. 99-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 326N

DANIEL ROMERO GONZALEZ,

Petitioner and Respondent,

v.

RICK DAY, et al.,

Respondents and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Russell C. Fagg, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

David L. Ohler, Department of Corrections, Helena, Montana

For Respondent:

Jack E. Sands, Attorney at Law, Billings, Montana

Submitted on Briefs: November 18, 1999

Decided: December 22, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶ This is an appeal from a judgment of the Thirteenth Judicial District Court, Yellowstone County, granting Daniel Romero Gonzalez a writ of habeas corpus. We dismiss the appeal because it has become moot.

¶ The issues raised on appeal relate to whether the court erred in concluding that Gonzalez, who was adjudicated a delinquent youth, was entitled to release from confinement as a result of the application of good time credit reducing the length of his commitment to the Department of Corrections.

¶ Jurisdiction over a delinquent youth ceases when the youth reaches the age of 21. Section 41-5-205(1), MCA. Accordingly, Gonzalez's commitment to the supervision of the Department of Corrections extended only until he reached the age of 21. The record indicates that Gonzalez attained the age of 21 on December 16, 1999.

¶ "A moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." State ex rel. Miller v. Murray (1979), 183 Mont. 499, 503, 600 P.2d 1174, 1176. This Court does not normally address moot questions. See Van Troba v. Montana State Univ., 1998 MT 292, ¶ 35, 291 Mont. 522, ¶ 35, 970 P.2d 1029, ¶ 35.

¶ Because Gonzalez has attained the age of 21, issues regarding whether he was entitled to be released from confinement as a result of application of good time credits on his juvenile commitment no longer present an actual controversy. Gonzalez is now beyond the jurisdiction of the court for his juvenile offenses, and is thus ineligible for confinement based upon those offenses. We therefore dismiss this appeal.


/S/ J. A. TURNAGE



We concur:



/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER